# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL J. BECKER, individually and on behalf of all others similarly situated, | DOCKET NO. _____ |
| vs. | JURY TRIAL DEMANDED |
| DELEK US ENERGY, INC. | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## COMPLAINT

### SUMMARY

1. Plaintiff Michael J. Becker brings this lawsuit to recover unpaid overtime wages and other damages from Delek US Energy, Inc. (Delek) under the Fair Labor Standards Act (FLSA).

2. Delek is a downstream energy company with refineries and retail stores throughout the south and southwest United States.[1] Delek employs inspector personnel to carry out its work.

3. Becker and the other workers like him regularly worked for Delek in excess of forty (40) hours each week.

4. But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Delek paid Becker and those similarly situated workers a daily rate with no overtime compensation.

6. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

---

[1] https://www.delekus.com/about/operations/ (last visited April 1, 2020)

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Delek's principal office is in this District and Division.

9. Delek maintains a corporate headquarters in Brentwood, Tennessee.

## THE PARTIES

10. Becker worked for Delek from September 2018 until November 2018 as an inspector.

11. Throughout his employment with Delek, Becker was paid a day-rate with no overtime compensation.

12. Becker's consent to be a party plaintiff is attached as Exhibit A.

13. Becker brings this action on behalf of himself and all other similarly situated workers who were paid by Delek's day-rate system. Delek paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

14. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All inspectors who worked for, or on behalf of, Delek US Energy, Inc. who were paid a day rate with no overtime in the past three (3) years.** ("Putative Class Members").

15. Defendant Delek US Energy, Inc. is a Delaware corporation, with a principal office in Brentwood, Tennessee, and does business throughout the United States. Delek may be served through its registered agent, United Corporate Services, Inc., 401 Commerce Street, Suite 710, Suntrust Plaza, Nashville, Tennessee 37219.

## COVERAGE UNDER THE FLSA

16. At all times hereinafter mentioned, Delek has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, Delek has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Delek has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as oilfield equipment, hand tools, computers, automobiles, and cell phones - by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

19. At all times hereinafter mentioned, Becker and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

20. As will be shown through this litigation, Delek treated Becker the Putative Class Members as employees and uniformly dictated the pay practices Becker and its other employees were subjected to.

## FACTS

21. "Delek US Holdings, Inc. is a downstream energy company with assets in petroleum refining, logistics, convenience stores, asphalt, and renewables."[2]

---

[2] https://www.delekus.com/about/ (last visited April 1, 2020).



https://www.delekus.com/about/operations/

22. To complete their business objectives, Delek hires inspector personnel (like Becker) to perform work.

23. Many of these individuals worked for Delek on a day-rate basis and make up the proposed Putative Class. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

24. Delek paid the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

25. For example, Becker worked for Delek from September 2018 until November 2018. Throughout his employment with Delek, he was paid on a day-rate basis.

26. As an electrical inspector, Becker's primary job duties included inspecting electrical work on new construction of oil and gas gathering sites and refineries.

27. Becker normally worked 12 to 15 hours a day and 6 to 7 days a week.

28. Becker was never guaranteed a salary when he worked for Delek.

29. Becker was required to report the days worked to Delek, not the hours he worked.

30. The work Becker performed was an essential and integral part of Delek's core business.

31. To the extent these inspectors make "decisions," the decisions do not require the exercise of independent discretion and judgment.

32. Inspectors are not permitted to deviate from established quality standards.

33. Instead, Delek employees apply well-established techniques and procedures. The daily report submitted by Becker to his supervisors is generated and required by Delek. Becker and the other inspectors' supervisors are Delek employees. The assignments and schedules for Becker and the other inspectors are created and assigned by Delek. The timesheets that Becker and the inspectors submit to be paid are approved and audited by Delek.

34. Delek controlled all the significant or meaningful aspects of the job duties performed by Becker.

35. Even though Becker often worked away from Delek's offices, Delek still controlled all aspects of Becker's job activities by enforcing mandatory compliance with Delek's policies and procedures.

36. Delek directly determined Becker's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working for Delek.

37. Very little skill, training, or initiative was required of Becker to perform his job duties.

38. Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Delek or its clients. Virtually every job function was pre-determined by Delek, including the tools to use at a job site, the

data to compile, the schedule of work, and related work duties. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters.

39. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring no college education or other advanced degree.

40. Becker and the Putative Class Members did not have any supervisory or management duties.

41. All the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

42. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

43. Delek's policy of failing to pay its employees, including Becker, overtime violates the FLSA because these workers are performing non-exempt job duties.

44. It is undisputed that Becker and the Putative Class Members are performing manual labor and working long hours out in the field.

45. Delek's day-rate system violates the FLSA because Becker and those similarly situated workers did not receive any overtime pay for hours worked over 40 hours each week.

**FLSA VIOLATIONS**

46. As set forth herein, Delek has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an Delek engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

47. Delek knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Delek's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

48. Accordingly, Becker and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### COLLECTIVE ACTION ALLEGATIONS

49. Becker incorporates all previous paragraphs and alleges that the illegal pay practices Delek imposed on Becker were likewise imposed on the Putative Class Members.

50. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

51. Numerous other individuals who worked with Becker indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

52. Based on his experiences and tenure with Delek, Becker is aware that Delek's illegal practices were imposed on the Putative Class Members.

53. The Putative Class Members were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

54. Delek's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

55. Becker's experiences are therefore typical of the experiences of the Putative Class Members.

56. The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

57. Becker has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Becker has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

58. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

59. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Delek will reap the unjust benefits of violating the FLSA and applicable state labor laws.

60. Furthermore, even if some of the Putative Class Members could afford individual litigation against Delek, it would be unduly burdensome to the judicial system.

61. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

62. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Delek employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA;

    b. Whether Delek's day rate pay practice meets the salary-basis test;

    c. Whether Delek's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

    d. Whether Delek's violation of the FLSA was willful; and

    e. Whether Delek's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

63. Becker's claims are typical of the claims of the Putative Class Members. Becker and the Putative Class Members sustained damages arising out of Delek's illegal and uniform employment policy.

64. Becker knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

65. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

66. Becker demands a trial by jury.

## RELIEF SOUGHT

67. WHEREFORE, Becker prays for judgment against Delek as follows:

   a. An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order appointing Becker and his counsel to represent the interests of the FLSA Class;

   c. For an Order finding Delek liable to Becker and the Potential Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

   d. For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Charles P. Yezbak III*
    **Charles P. Yezbak, III**
    State Bar No. 018965
    N. Chase Teeples
    State Bar No. 032400
    Yezbak Law Offices PLLC
    2021 Richard Jones Road, Suite 310-A
    Nashville, TN 37215
    yezbak@yezbacklaw.com

    AND

    Michael A. Josephson
    Texas Bar No. 24014780
    mjosephson@mybackwages.com
    Andrew W. Dunlap
    Texas Bar No. 24078444
    adunlap@mybackwages.com
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile

    AND

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFFS**